COURT OF CHANCERY
OF THE
STATE OF DELAWARE

DANIELLE GIBBS
MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

Date Submitted: January 6, 2026
Date Decided: July 30, 2026

Leslie Bonham Spoltore, Esquire
Obermayer Rebmann Maxwell &
Hippel LLP
123 S. Justison St., Suite 100
Wilmington, DE 19801

Richard E. Berl, Jr., Esquire
Hudson, Jones, Jaywork & Fisher,
LLC
34382 Carpenter's Way Suite 3
Lewes, DE 19958

Re: *U.S. Bank National Trust Association v. Barwick & Slaughter*,
C.A. No. 2025-0073-DG

Dear Counsel:

Plaintiff U.S. Bank Trust National Association, in its capacity as Trustee for Treehouse Series V Trust, seeks to reform a mortgage executed by Defendant Patsy Barwick in 2007 to correct an alleged mistake in the legal description that encumbered Tax Parcel Number 1.00-01.11-01-03.00 ("Parcel 3.00") rather than the intended property: Tax Parcel Number DC-00-010.11-03.01 ("Parcel 3.01" and, together with Parcel 3.00, the "Parcels").[1] Defendant Rocky Slaughter purchased the parcel that U.S. Bank maintains the mortgage was supposed to encumber in 2024. Slaughter moved to dismiss

---

[1] Dkt. 1 at Exs. 2–3.

U.S. Bank's complaint under Court of Chancery Rule 12(b)(6). The issue pending before the Court is whether U.S. Bank's claim for reformation may proceed against Slaughter, who contends he is a bona fide purchaser of the parcel, and bind him to Barwick's 2007 mortgage. The answer is no.

## I.   BACKGROUND[2]

The following facts are drawn from the Complaint and the documents it incorporates by reference.

### A.   Barwick executes a mortgage encumbering her land.

By deed dated August 26, 1974, Hartley A. Gray and Louise R. Gray conveyed Parcel 3.00 in Kent County to Patsy Barwick and her husband.[3] In 1991 the Barwicks acquired Parcel 3.01.[4] On May 9, 2007, the Barwicks executed a mortgage with CitiFinancial, Inc. ("Mortgage").[5] The Mortgage was recorded in Kent County and erroneously listed the encumbered property

---

[2] In this report, I cite to Pl.'s Verified Compl. for Reformation of Mortgage, Dkt. 1, as "Compl.", Def. Slaughter's Opening Br. in Support of His Mot. to Dismiss, Dkt. 24, as "OB", Pl.'s Answering Br. in Opp. to Mot. to Dismiss, Dkt. 28, as "AB", and Def. Slaughter's Reply Br. in Support of His Mot. to Dismiss, Dkt. 30, as "RB", Pl.'s exhibits as "PX", and Def. Slaughter's exhibits as "DX".

[3] Compl. Ex. 1. The Barwick Deed is recorded in the Kent County Recorder of Deeds, Deed Book N, Volume 29, Page 343. *Id.*

[4] OB Ex. A.

[5] Compl. ¶ 9; *id.* Ex. 4 (the Mortgage instrument).

as Parcel 3.00 instead of Parcel 3.01.[6]  On August 30, 2016  CitiFinancial assigned its rights under the Mortgage to Bayview Loan Servicing LLC.[7]

On or about July 14, 2020, the Mortgage fell into default.  The Mortgage subsequently passed to U.S. Bank through two more assignments in July and September 2022, respectively.[8]

On March 10, 2024, Barwick became the sole owner of the Parcels when her husband passed away.[9]  Slaughter purchased Parcel 3.01 from Barwick a few days later, and recorded his deed on March 14.[10]  At the time of the conveyance and when Slaughter recorded his deed, the Mortgage was recorded in the Kent County land records as encumbering Parcel 3.00.[11]

On January 23, 2025, roughly ten months after Slaughter recorded his deed, U.S. Bank filed the Complaint asserting a single count for reformation of the Mortgage.[12]  The matter was initially assigned to the Court's routine

---

[6] Compl. ¶¶ 11–12.

[7] *Id.* Ex. 5.

[8] *See* Compl. ¶¶ 14–15; *id.* Exs. 6–7.

[9] Compl. ¶ 6.

[10] Compl. ¶ 8; *id.* Ex. 2.

[11] Compl. ¶ 9; *id.* Ex. 4.

[12] Dkt. 1.

action docket,[13] and scheduled for a hearing on May 6.[14] Slaughter's counsel appeared at the May 6 hearing and the Court reassigned the matter to its civil action docket.[15]

On May 28, Slaughter moved to dismiss the Complaint under Court of Chancery Rule 12(b)(6) ("Motion").[16] On June 3, Slaughter submitted his opening brief.[17] On July 22, U.S. Bank filed its answering brief.[18] On July 30, Slaughter filed his reply brief.[19] The Court heard argument on the Motion on January 6, 2026, and took the matter under advisement on that date.[20]

## II. ANALYSIS

When evaluating a motion to dismiss under Rule 12(b)(6), Delaware courts "(1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as 'well pleaded' if they give the opposing party notice of the claim, [and] (3) draw all reasonable inferences in favor of the non-moving

---

[13] *See* Dkts. 2–3.

[14] Dkt. 14.

[15] *See* Dkt. 20.

[16] Dkt. 24.

[17] Dkt. 26.

[18] Dkt. 28.

[19] Dkt. 30.

[20] Dkt. 50.

party . . . ."[21] The Court will grant a Rule 12(b)(6) motion if the "plaintiff could not recover under any reasonably conceivable set of circumstances susceptible of proof."[22]

Although review is generally confined to the pleadings, the Court may consider documents that are incorporated into or integral to the complaint, together with facts subject to judicial notice.[23]

Slaughter contends that the Court should dismiss U.S. Bank's claim against him for two reasons. First, Slaughter asserts that he is a bona fide purchaser of Parcel 3.01 without notice of the Mortgage, so U.S. Bank's claim against him fails by operation of law.[24] Second, Slaughter maintains that, even if U.S. Bank were able to reform the Mortgage, under Delaware's recording statute the Mortgage would not attach to Parcel 3.01.[25] I agree with Slaughter that he is a bona fide purchaser and, therefore, cannot be bound to

---

[21] *E.g.*, *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 536 (Del. 2011).

[22] *Barkan v. Exabeam, Inc.*, 2025 WL 1088821, at *4 (Del. Ch. Apr. 11, 2025) (quoting *City of Fort Myers Gen. Empls.' Pension Fund v. Haley*, 235 A.3d 702, 716 (Del. 2020)).

[23] *Cent. Mortg.*, 27 A.3d at 535.

[24] OB at 5–7.

[25] *Id.* at 8–9.

the Mortgage. Because I find that Slaughter's bona fide purchaser status is dispositive, I do not address the parties' arguments related to the recording statutes.

**A.  Slaughter is a bona fide purchaser without notice of the Mortgage, which defeats U.S. Bank's claim.**

"In Delaware, 'a mortgage is merely a security for the payment of a debt, or for the performance of some other condition.'"[26] In other words, a mortgage creates a lien encumbering the land used as security.[27] Ordinarily, a party who purchases a property encumbered by a mortgage will acquire the property subject to and assume the obligations of that mortgage.[28] But, if a party is a bona fide purchaser of a mortgaged property, the mortgagor cannot enforce the mortgage against the purchaser.[29]

A bona fide purchaser is one who acquires the legal title to a property, in good faith, for valuable consideration, and without notice of any other claim

---

[26] *Blagg v. HB2 Alt. Hldgs., LLC*, 2024 WL 4836715, at *7 (Del. Super. Nov. 20, 2024) (quoting 2 *Wooley on Delaware Practice* § 1353 (1906)).

[27] *See id.*; *Mortgage*, Black's Law Dictionary (12th ed. 2024) (defining "mortgage" as "A lien against property that is granted to secure an obligation . . . .").

[28] *Blagg*, 2024 WL 4836715, at *7 (quotation omitted).

[29] Restatement (Third) of Property (Mortgages) § 3.2 cmt. g. (1997); Restatement (Third) of Restitution and Unjust Enrichment § 66 (2011).

of interest in the property.[30]  The law protects bona fide purchasers because although a secured party's equity interest may be strong, it cannot be stronger than a purchaser who puts themselves "in peril by purchasing a title, and paying valuable consideration, without notice of any defect in it, or adverse claim to it."[31]

Slaughter asserts that he qualifies as a bona fide purchaser of Parcel 3.01 because a search of the public records "would not have uncovered any recorded document that would have been considered an encumbrance" on Parcel 3.01 and U.S. Bank did not allege any facts "that would have alerted Slaughter . . . after more than 20 years" of its purported interest Parcel 3.01.[32] U.S. Bank disputes Slaughter's contention, maintaining instead that this argument is premature because this action is not for enforcement.  And, even if Slaughter's bona fide purchaser status were appropriate for the Court to rule on, U.S. Bank contends that Slaughter had constructive notice of the Mortgage on Parcel 3.01 because Barwick listed Parcel 3.01—not Parcel 3.00—as

---

[30] *Fletcher v. City of Wilm.*, 2006 WL 2335237, at *2 (Del. Ch. Aug. 11, 2006).

[31] *Id.* at *3.

[32] OB at 7; RB at 6.

"secured property" when she filed a voluntary bankruptcy petition in 2014.[33]

U.S. Bank's theories are unsupported by law.

### 1. Slaughter's bona fide purchaser argument is appropriate for review on the pending Motion.

U.S. Bank first contends that the Court should not consider Slaughter's bona fide purchaser argument because it "fast-forwards to issues related to enforcement" that could only take place after the Mortgage is reformed.[34] U.S. Bank concludes that the Court must first rule on the reformation claim before considering Slaughter's potential bona fide purchaser status.[35] U.S. Bank is incorrect.

The law is clear that "[a]n instrument may not be reformed as against a subsequent bona fide purchaser for value without notice, whether the mistake occurs in a deed or in a mortgage."[36] If Slaughter is a bona fide purchaser,

---

[33] AB at 6–8.

[34] *Id.* at 6–7.

[35] *Id.* at 7.

[36] 76 C.J.S. Reformation of Instruments § 74. *See also, e.g.*, *Heartland Del. Inc. v. Rehoboth Mall Ltd. P'rship*, 57 A.3d 917, 925 (Del. Ch. 2012) (holding that the elements of reformation require the parties who "imposed upon themselves through contract" the results); *cf. NVR, Inc. v. Spring Oaks Dev. Purchaser, LLC*, 2025 WL 3515356, at *6 (Del. Ch. Dec. 8, 2025) (holding that an unrecorded equitable ownership interest in several parcels of land was "extinguished . . . when [the defendant] recorded its deeds" to the properties); *Eastern Sav. Bank, FSB v. CACH,*

then U.S. Bank will have "fail[ed] to state a claim for which relief can be granted."[37]   Thus, Slaughter's status as a bona fide purchaser is ripe for judicial determination on the Motion, and I may properly consider it in my ruling.

> 2.   **The facts U.S. Bank alleges in the Complaint establish Slaughter's bona fide purchaser status.**

First, the factual allegations in the complaint establish two of the elements.   U.S. Bank alleged that Slaughter acquired legal title of Parcel 3.01[38] and that Slaughter acquired it for valuable consideration.[39]   The only element at issue is whether Slaughter had notice of the Mortgage, which is determinative of his bona fide purchaser status.   Notice of a mortgage may be actual or constructive.[40]   "Actual notice is an awareness of the alleged

---

*LLC*, 55 A.3d 344, 349–50 (Del. 2012) (applying the race recording statute to priorities of mortgages and other liens).

[37] Ct. Ch. R. 12(b)(6).

[38] Compl. ¶¶ 3, 8; *id.*  Ex. 3.

[39] *See* Compl. ¶ 4 ("Slaughter purchased" Parel 3.01 "from Barwick . . . .").

[40] *Deutsche Bank Nat'l Tr. Co. for WaMu Mortg. Pass-Through Certificates Series 2006-AR3 Tr. v. Hines*, 2017 WL 5640703, at \*5 (Del. Ch. Nov. 21, 2017) (quoting *Handler Const., Inc. v. CoreStates Bank, N.A.*, 633 A.2d 356, 364–65 (Del. 1993)), *aff'd sub nom* 198 A.3d 723 (Del. 2018).

restriction by the purchaser at the time of purchase."[41]   Constructive notice is

"is the legal fiction that someone actually received notice . . . whether or not

they truly" were "informed of [something] that could affect their interest."[42]

U.S. Bank does not argue that Slaughter had actual notice of the

Mortgage.  Rather, it claims that Barwick's 2014 bankruptcy filings establish

that Slaughter had constructive notice, which is fatal to his bona fide purchaser

defense.[43]    U.S. Bank argues that under the precedent in *DiSabatino v.*

*Salicete*,[44] Barwick's voluntary filing for bankruptcy "provided sufficient

constructive notice of U.S. Bank's" claim.[45]   The doctrine U.S. Bank relies

on, however, has been superseded by statute since 1989.[46]

Generally, constructive notice in the context of a mortgage dispute

requires a properly recorded mortgage instrument containing the details of the

---

[41] *Hague v. Bay Landing POA, Inc*., 2023 WL 2947453, at *5 (Del. Ch. April 14, 2023) (quotation omitted).

[42] Legal Info. Inst., *Constructive Notice*, Corn. L. Sch., https://www.law.cornell.edu/wex/constructive_notice [https://perma.cc/BBA9-RURR] (last visited July 23, 2026).

[43] AB at 7–8.

[44] 695 A.2d 1118 (Del. 1997).

[45] AB at 8.

[46] *DiSabatino*, 695 A.2d at 1119 ("In 1989 . . . the Delaware General Assembly enacted 25 *Del. C*. ch. 16. . . . The Delaware statute expressly repealed the common law doctrine of *lis pendens*.").

mortgage that is readily accessible via a routine title search.[47] The relevant form of constructive notice here is the doctrine of *lis pendens*.[48] Before 1989, "the filing of the litigation itself was sufficient constructive notice to third parties of the claimed interest in the property. A separate recording of the notice of the litigation with the Recorder of Deeds was not necessary."[49]

But the General Assembly explicitly abolished the common law doctrine of *lis pendens* and unambiguously enacted legislation that "no action instituted after June 29, 1989, shall constitute constructive notice to any person unless notice of such action complies with the requirements" of the Lis Pendens Act.[50] Under the Lis Pendens Act, "[u]nless and until a notice of pendency is filed as provided by [this statute], no action shall, before final judgment is entered therein, be deemed to be constructive notice to a person acquiring or having acquired a lien on or any other interest in the affected real estate."[51] A recorded lis pendens is "effective for a term of 3 years from the

---

[47] *See Hague*, 2023 WL 2947453, at *5 (quoting *New Castle Cty. v. Pike Creek Recreational Servs., LLC*, 82 A.3d 731, 746 n. 112 (Del. Ch. 2013)).

[48] *See* AB at 8 (citing to *DiSabatino*'s discussion of the common law doctrine of *lis pendens*);  25 Del. C. §§ 1601, 1603; *DiSabatino*, 695 A.2d at 1119.

[49] *DiSabatino*, 695 A.2d at 1119.

[50] 25 *Del. C.* § 1614.

[51] *Id.* § 1603(b).

date of recording with the recorder of deeds" unless the recorder receives an extension from the Court for good cause.[52]

Here, U.S. Bank's own allegations defeat its contention. U.S. Bank does not allege that it or its predecessors-in-interest filed and recorded a notice of pendency related to Barwick's 2014 bankruptcy that complies with the Lis Pendens statute.[53] It does not provide any documents or evidence that the bankruptcy petition or its mortgage would appear on a routine title search for Parcel 3.01. An ordinary bankruptcy filing in the federal court system is not indexed in the land records and, therefore, would not alert a reasonably prudent purchaser conducting a title search.[54] The filing of a bankruptcy petition, without more, is insufficient to serve as constructive notice under the unambiguous language in Delaware's statute. I find that Slaughter did not have actual or constructive notice of U.S. Bank's purported interest in Parcel 3.01 and that he is a bona fide purchaser of the parcel.

---

[52] *Id.* § 1604.

[53] Even if such notice of pendency was recorded, it would have expired years before Slaughter purchased Parcel 3.01. *See id.*

[54] *See* 11 U.S.C. § 549(c) (2018).

### III.    CONCLUSION

I conclude that U.S. Bank has failed to state a claim on which relief can be granted against Slaughter.  Taking the allegations U.S. Bank presents to the Court as true, I find that Slaughter is a bona fide purchaser of Parcel 3.01. Slaughter purchased Parcel 3.01 from Barwick without actual or constructive notice of the Mortgage for valuable consideration.  Because I find that Slaughter is a bona fide purchaser, U.S. Bank cannot attach the Mortgage to Parcel 3.01 and bind Slaughter to it.  I recommend that Slaughter's motion to dismiss be granted.  This is a Report under Court of Chancery Rule 144, but it is not a Final Report because it does not conclude the action.  Exceptions are stayed pending issuance of my Final Report.

Very truly yours,

*/s/ Danielle Gibbs*

Magistrate in Chancery

DG/jdb
Cc:  Patsy Barwick (via U.S. Mail)